**Luis Omar Alvarez ACUNA, Plaintiff–Appellant,**

v.

**AMERICAN ARBITRATION ASSOCIATION, individually and collectively; et al., Defendants–Appellees.**

No. 05–16124.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2006.[*]

Filed May 18, 2006.

Luis Omar Alvarez Acuna, Phoenix, AZ, pro se.

Helen Perry Grimwood, Esq., Grimwood Law Firm PLC, Robert E. Miles, Esq., Scott A. Klundt, Esq., Kevin Duffy Quigley, Esq., Quarles & Brady Streich Lang LLP, Carrie J. Brennan, AGAZ—Office of the Arizona Attorney General, Phoenix, AZ, for Defendants–Appellees.

Before: B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

MEMORANDUM [**]

Luis Omar Alvarez Acuna appeals pro se

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

from the district court's order dismissing his civil rights and discrimination action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's dismissal for failure to state a claim, *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1990), and we review for abuse of discretion the denial of leave to amend, *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir.2000) (en banc). We affirm.

The district court correctly dismissed Acuna's claims against Klundt, a private lawyer, and his law firm, Quarles & Brady Streich Lang LLP, for failure to allege any facts supporting his purported claims of civil rights, due process and equal protection violations, and racial discrimination. *See Balistreri*, 901 F.2d at 699 ("Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.").

The district court also correctly dismissed Acuna's claims against Judge O'Melia because he is protected by judicial immunity for the purported wrongful acts alleged in Acuna's complaint. *See Harvey v. Waldron*, 210 F.3d 1008, 1012 (9th Cir. 2000) ("as long as a judge has jurisdiction to perform the general act in question, he or she is immune however erroneous the act may have been, however injurious in its consequences it may have proved to the plaintiff, and irrespective of the judge's motivation") (internal citation and quotation marks omitted).

Likewise, arbitral immunity protects defendants Landau and the American Arbitration Association ("AAA") from liability for the wrongful conduct alleged in Acuna's complaint. *See Wasyl, Inc. v. First Boston Corp.*, 813 F.2d 1579, 1582 (9th Cir.1987) ("arbitrators are immune

from civil liability for acts within their jurisdiction arising out of their arbitral functions"); *cf. United States v. City of Hayward*, 36 F.3d 832, 838 (9th Cir.1994) (acknowledging the extension of arbitral immunity to sponsoring boards).

Because Acuna's complaint cannot be cured by amendment, the district court did not abuse its discretion in dismissing Acuna's claims with prejudice. *See Lopez*, 203 F.3d at 1127 ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts").

The district court properly dismissed Acuna's complaint as to the United States because Acuna admittedly states no independent claim against the United States.

Acuna's remaining contentions lack merit.

**AFFIRMED.**